**Ronald E. PARKINSON, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. C–2–83–1393.**

United States District Court, S.D. Ohio, E.D.

April 22, 1985.

Ronald E. Parkinson, pro se.

Albert Richter, Asst. U.S. Atty., S.D. Ohio, and Seth Heald, Trial Atty. Tax Div. of Dept. of Justice, Washington, D.C., for government.

### MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff Ronald E. Parkinson brings this action against the United States alleging that the Internal Revenue Service unlawfully assessed him a $500 frivolous return penalty and failed to refund him $3,723 overpaid on his 1982 income tax return. This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment.

Plaintiff Parkinson signed his 1982 income tax return, but he typed in above and below the jurat the following language: "By filling out this form, and/or the attached forms, and/or by signing this form do I waver [sic] any of my rights under the Constitution of the United States of America." The copy of the return submitted by defendants also has the jurat lined out. Plaintiff asserts that the jurat is not lined

out on the copy of the return he submitted to the Court (although there are lines visible on the xerox copy plaintiff submitted running through some words of the jurat), and he argues that "there exist[s] a real possibility that either someone within the IRS, or the U.S. Attorney's Office, or plaintiff himself struck the form's jurat." Plaintiff's January 30, 1984 Supplemental Motion at p. 12.

On May 2, 1983 the IRS assessed plaintiff a $500 penalty under 26 U.S.C. § 6702 for filing a frivolous federal income tax return. On May 12, 1983 an IRS employee sent plaintiff a letter offering him the opportunity to sign the jurat. Plaintiff's January 30, 1984 Supplemental Motion, Appendix D. Plaintiff did not execute the jurat; instead, he tendered a check for $75 (15% of the $500 penalty) and filed a claim for refund of the $500 penalty and the $3,723.00 he allegedly overpaid on his 1982 income taxes. On July 14, 1983 plaintiff received a July 12, 1983 notice of disallowance of his claim. Amended Complaint, ¶ 18. Plaintiff then filed this suit on August 12, 1983.

Plaintiff contends that his 1982 income tax return is not frivolous. He also complains that defendants did not answer his letters and did not adequately explain the basis for their actions. Finally, he argues that he was denied due process of law because the IRS did not hold a hearing to determine whether his return in fact violated 26 U.S.C. § 6702.

Although the complaint lists a number of jurisdictional statutes, it is clear that the gravamen of plaintiff's complaint is that the IRS acted unconstitutionally and illegally when it refused to accept his 1982 return and assessed a penalty. Thus, the Court has jurisdiction over the claim against the United States under 28 U.S.C. § 1346. See, 26 U.S.C. § 6703(c)(2).

The penalty was assessed under 26 U.S.C. § 6702(a) which provides that if:

(1) any individual files what purports to be a return ... but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged ... and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

Plaintiff's complaint has attached as Exhibit A the signature page of plaintiff's 1982 return which clearly shows the jurat surrounded by the typed language. "By filling out this form, and/or the attached forms, and/or by signing this form do I waver [sic] any of my rights under the Constitution of the United States of America." As noted earlier, lines appear on some but not all words of the jurat itself on the xerox copy submitted with the complaint. On the copy submitted by the defendants the entire jurat is lined out. The affidavit of Seth G. Heald, Trial Attorney, Tax Division, Department of Justice, the person who has custody of the administrative file of the Internal Revenue Service, which contains plaintiff's 1982 return, states unequivocally that the attached copy (showing the entire jurat lined out) "is a true and correct copy of the 1982 federal income tax return filed by the plaintiff with the Internal Revenue Service." Plaintiff implies that someone in the Internal Revenue Service or the United States Attorney's office may have drawn the lines through the entire jurat.

The complaint itself was not verified. The words following plaintiff's signature on the complaint—"Subscribed and Sworn to before me this ___ day of August, 1983." —were themselves lined out, presumably by plaintiff, before the complaint was filed. Instead of a specific denial that he had lined out the entire jurat, plaintiff's response to the Heald affidavit was an affidavit in which plaintiff included the statement "that all documents, and exhibits, filed in the above stated action, are either true and accurate copies of the original

documents, or are true and accurate copies of my file copies, which are true and accurate copies of the original documents, as sent, or filed, with this Honorable Court, or with the Department of the Treasury—IRS, or with the other named defendants."

The disjunctive, ambiguous language of plaintiff's affidavit hardly rises to the level of a countervailing affidavit on the issue of whether plaintiff did strike out the entire jurat on the original return before mailing it to the Internal Revenue Service. Even if plaintiff's affidavit could be construed or interpreted as a sworn denial that he did not line out the jurat as shown on the return attached to the Heald affidavit (an earlier affidavit objecting to the Magistrate's discovery order apparently contained such a denial), it is undisputed that plaintiff attempted to assert some qualification to his signature to the jurat by his addition of words around the jurat itself, regardless of whether, in addition, he lined out the entire jurat. This is clear not only from the form itself but from plaintiff's own complaint in which he stated that by adding the language plaintiff "... thereby negated the jurisdiction of the Internal Revenue Service over the Plaintiff under equity law, but not under substantive law." Whatever plaintiff may have meant by that, the complaint itself shows plaintiff's purpose was to somehow restrict or qualify the legal significance of his signature on the return.

Federal income tax liability is self-reported. A declaration under penalty of perjury is necessary to assure the correctness of the return information. Any alteration of the jurat throws into question the correctness of the return information and impedes the administration of the federal income tax laws.

 Plaintiff was afforded an opportunity to sign an unaltered jurat but failed to do so. His assertion that he has a constitutional right to alter the jurat is baseless. First, plaintiff has a legal duty to file an income tax return, and he has no constitutional right not to. Second, he has no right to include incorrect information in the return. The jurat verifies that return infor-

mation is correct. Consequently, plaintiff has no legal or constitutional right to alter the jurat in any way. He must sign the declaration under penalty of perjury without qualification. If he has other communications he wants to make with the IRS, he should make them on a separate document.

 Since it is uncontroverted that the jurat was altered and any alteration of the jurat impedes the administration of the federal income tax laws, the IRS properly rejected it as frivolous and imposed a $500 penalty under 26 U.S.C. § 6702(a). Plaintiff has no claim for overpaid income tax because he has not filed a return verified by a declaration under penalty of perjury. Treas.Reg. § 301.64202–2(b)(1). 26 U.S.C. § 7422(a).

WHEREUPON, the Court HOLDS that defendants' motion for summary judgment is meritorious; and, therefore, it is GRANTED. Accordingly, plaintiff's request for a memorandum in support of the Magistrate's Order and plaintiff's motion for reconsideration and objection to the Magistrate's Order are MOOT and hereby withdrawn from the consideration of this Court. Plaintiff's other filings styled as "motions" are actually *memoranda contra* defendants' motion for summary judgment. This action is hereby DISMISSED. The Clerk of Court shall enter JUDGMENT for defendants.

IT IS SO ORDERED.